IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EL CONSTANTE COUNCIL OF CO-OWNERS, INC., *Plaintiff* | |
| VS. | CIVIL ACTION NO. 2:24-CV-237 |
| MOUNT VERNON FIRE INSURANCE COMPANY and UNITED STATES LIABILITY INSURANCE COMPANY *Defendants/Counter-Plaintiff*, | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff El Constante Council of Co-Owners, Inc. (hereinafter referred to as "Plaintiff"), and files this its complaint against Defendant Mount Vernon Fire Insurance Company (hereinafter referred to as "Defendant Mount Vernon") and Defendant United States Liability Insurance Company (hereinafter referred to as "Defendant USLI") (hereinafter collectively referred to as "Defendants") and would respectfully show the Court the following:

**Background**

1.   These claims arise from the breach of the commercial general liability insurance policies purchased by JMA Contracting and Services, Inc. (hereinafter referred to as "JMA Contracting") from Defendants to provide insurance coverage from losses resulting from the negligence of JMA Contracting Services to third parties. Plaintiff retained JMA Contracting to provide construction services to be rendered at its real property. JMA Contracting provided defective and deficient construction services. A lawsuit was brought by Plaintiff against JMA Contracting for its negligence in the providing of its construction services. Defendants refused to defend JMA Contracting. A default judgment was entered in state court in favor of Plaintiff and against JMA

Contracting Services. Defendants have denied indemnification for the judgment rendered against JMA Contracting. Plaintiff is now a judgment creditor under the insurance policy pursuant to the judgment. Plaintiff seeks a declaratory judgment that Defendants are responsible for the entire judgment and sues for breach of the insurance contract to collect under the insurance policy.

## Parties

2. Plaintiff is an entity registered to do business in Texas with its principal place of business in Nueces County, Texas and is, therefore, a citizen of Texas.

3. Upon information and belief, Defendant USLI is an insurance company organized under the laws of Pennsylvania with its principal place of business in Warren, New Jersey. Defendant USLI may be served through its agent for process in Texas, Daniel Buechler, Thompson Coe Cousins, at 700 North Pearl Street, Ste. 2500, Dallas, Texas 75201-2832.

4. Upon information and belief, Defendant Mount Vernon is a surplus lines insurance company organized under the laws of Pennsylvania with its principal place of business at 1190 Devon Park Road in Wayne, Pennsylvania. Defendant Mount Vernon may be served by serving its agent for process, The Texas Commissioner of Insurance, via certified mail at Texas Department of Insurance, Chief Clerk Office, Mail Code GC-CC), PO Box 12030, Austin, Texas 78711-2030.

## Jurisdiction and Venue

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because there is complete diversity between Plaintiff and Defendants. The amount in controversy exceeds $75,000.00, exclusive of interests and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2) because all or a substantial part of the events or omissions giving rise to the lawsuit occurred within this district.

**Factual Background**

7. Plaintiff is the owner of real property located at 14802 Windward Dr., Corpus Christi, Texas 78418 (the "Subject Property"). On or about January 12, 2017, March 20, 2017, September 10, 2018 and July 30, 2019, Plaintiff and JMA Contracting entered into multiple construction contracts (the "Contracts") for construction services to be rendered at the Subject Property.

8. As part of the Contracts, JMA Contracting was required to provide proof of insurance coverage and to insure Plaintiff as an Additional Insured under its policies. JMA Contracting provided the Certificates of Insurance as required. Defendants provided commercial general liability policies to provide insurance to JMA Contracting during the work performed at the Subject Property.

9. Upon information and belief, Defendant Mount Vernon issued commercial general liability policy number CL 2699863 effective July 15, 2016-July 15, 2017. Defendant USLI issued commercial general liability policies Policy number CL 1823799 effective July 31, 2017 -July 31 2018, policy number CL 1823799A effective August 28, 2018-August 28, 2019, and policy number CL 1823799B effective August 28, 2019-November 20, 2019.

10. In late 2022, Plaintiff began noticing a host of problems with the construction performed by JMA Contracting.

11. On or about June 6, 2023, Plaintiff put Defendants on notice of the claim against JMA Contracting.

12. On July 13, 2023, Plaintiff brought suit against JM Contracting in *El Constante Council of Co-Owners, Inc. v. JMA Contracting and Services, Inc.*, Case No. 2023CCV-60880-2, County Court At Law No. 2, Nueces County, Texas.

13. On August 23, 2023, Defendants denied coverage of the claims made by Plaintiff and failed to provide a defense for its insured, JMA Contracting.

14. On March 1, 2024, a judgment was entered against JM Contracting in the principal amount of $4,234,753.52, plus $19,687.50 in attorney's fees, court costs of $993.51, and post-judgment annual interest at the rate of 8.5% (the "Judgment").

15. Plaintiff now brings this direct action against the Defendants as judgment creditor having now obtained a judgment against its insured.

16. Upon information and belief, at the time of the loss suffered by Plaintiff at the hands of JMA Contracting, JMA Contracting was covered by a commercial general liability policy that provides coverage for the liability of JMA Contracting.

17. Upon information and belief, the insurance policies issued by Defendants were in full force and effect at the time of the property damage reflected in the Judgment.

18. Upon information and belief, the commercial general liability policies issued by Defendants that were in effect at the relevant times of the defective construction provided that the insurance company would be responsible for all property damage that JMA Contracting became legally responsible for.

19. To date, Defendants have denied coverage for indemnification under the insurance policy for the judgment entered against JMA Contracting.

**Cause of Action for Declaratory Judgment**

20. Plaintiff adopts and re-alleges each and every allegation found above in paragraphs 8 through 17 as though fully set forth here.

21. An actual controversy exists between Plaintiff and Defendants and this Court may declare the rights and other relations of the parties pursuant to 28 U.S.C. §2201(a).

22. Plaintiff is a judgment creditor under the insurance policy and as such has the authority to bring this action as a direct action.

23. Plaintiff seeks declaration from this Court that entire Judgment entered in the Underlying Suit is covered by the insurance policy issued by Defendants to JMA Contracting at the time of the occurrence in question and Defendants owes indemnification of the full Judgment amount.

24. Plaintiff seeks declaration that the damages awarded in the Judgment are covered under the insurance policies issued by Defendants.

25. Plaintiff seeks declaration that the insurance policies issued by Defendants to JMA Contracting must indemnify JMA Contracting for the Judgment.

26. Plaintiff seeks a declaration that the damages are property damage covered by the commercial general liability policies issued by Defendants.

27. Accordingly, there exist a controversy as to whether the Judgment rendered against JMA Contracting is covered under the insurance policies issued by Defendants to JMA Contracting.

28. Plaintiff has been required to retain the undersigned counsel to file this civil action for a declaratory judgment. Plaintiff accordingly seeks all reasonable and necessary attorney's fees and costs incurred by Plaintiff in the prosecution of this action.

## Breach of Contract

29. Plaintiff adopts and re-alleges each and every allegation found above in paragraphs 8 through 25 as though fully set forth here.

30. Plaintiff is a judgment creditor under the insurance policy and as such has the authority to bring this action as a direct action.

31. Further, Plaintiff, having obtained a judgment against the insured, is a third-party beneficiary of the insurance policies issued by Defendants to insure JMA Contracting.

32. All conditions of the insurance contract precedent to the bringing of this action have been fulfilled.

33. At all relevant times, specifically including at the time of occurrence of the defective construction and all acts creating the liability of JMA Contracting to Plaintiff, Defendants had issued a commercial general policy of insurance to JMA Contracting that provides for damages resulting from property damage caused by JMA Contracting.

34. The commercial general liability policy issued by Defendants to JMA Contracting provided coverage for the judgment and actions that JMA Contracting was found legally responsible to Plaintiff for.

35. JMA Contracting was found legally responsible for the damages suffered by Plaintiff as a result of the occurrence in question as set forth in the Judgment.

36. Upon information and belief, the commercial general liability policy issued by Defendants to JMA Contracting which provides coverage for the Judgment entered in the Underlying Suit further provides that a person or organization may sue the Defendants to recover a final judgment against an insured.

37. Plaintiff is an organization suing to recover on a final judgment against an insured, JMA Contracting.

38. Upon information and belief, the commercial general liability policies issued to JMA Contracting that were in full force and effect at all relevant times to cover the damages set forth in the Judgment provided that they would pay all property damages that JMA Contracting was determined to be legally responsible for.

39. Defendants have refused to provide indemnity to JMA Contracting for all "property damages" that JMA Contracting was found legally responsible for.

40. Defendants have refused to pay the principal costs of the Judgment.

41. Defendants have refused to pay the attorney's fees taxed in the Judgment.

42. Defendants have refused to pay the costs taxed in the Judgment.

43. Defendants has refused to pay the interest on the full amount of the Judgment.

44. Defendants have not paid, offered to pay, or deposited in the court any amount of the Judgment.

45. Defendants' actions described herein and above constitute a breach of the insurance contract.

46. As a direct consequence of Defendants' breach of contract, Plaintiff has sustained damages in the amount of the Judgment as set forth above. As a result of the breach of the insurance contract, Plaintiff has been damaged in the amount of the full Judgment entered against JMA Contracting. The full amount of the Judgment is $4,255,434.53 plus post-judgment interest of eight and a half (8.5%) compounded annually.

47. As a result of the breach of contract by Defendants, Plaintiff has been required to retain the undersigned counsel to file this civil action to recover damages under the insurance contract. Plaintiff accordingly seeks all reasonable and necessary attorney's fees and costs incurred by Plaintiff in the prosecution of this action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that:

1) the Court declare that the entire Judgment entered in the Underlying Suit is covered by the insurance policy issued by Defendants to JMA Contracting at the time of the occurrence in question and Defendants owes indemnification of the full Judgment amount;

2) the Court declare that the damages incurred by Plaintiff as a result of the actions of JMA Contracting are property damage covered by the commercial general liability policies issued by Defendants;

3) on final trial of this matter that Plaintiff be awarded a judgement against Defendants for breach of the insurance contract by Defendants for damages as set forth above;

4)     Plaintiff be awarded attorney's fees for prosecution of this suit;

5)     Plaintiff be awarded costs of court including attorney's fees incurred in this suit, and,

6)     the Court award any such other and further relief for which Plaintiff may be entitled.

Respectfully submitted,

**BERGMANGRAY LLP**

*/s/ Jay K. Gray*
Jay K. Gray
State Bar No. 08324050
Andrew A. Bergman
State Bar No. 02196300
4514 Travis Street
Travis Walk, Suite 300
Dallas, Texas 75205
214-528-2444
214-599-0602 [fax]
gray@bergmangray.com
bergman@bergmangray.com

LOCAL COUNSEL:

ANDERSON, LEHRMAN, BARRE & MARAIST, L.L.P.

By: */s/ Jeffrey J. Lehrman*
JEFFREY J. LEHRMAN
State Bar No. 24074590
Gaslight Square
1001 Third Street, Suite 1
Corpus Christi, Texas 78404
Telephone: (361) 884-4981
Telecopy: (361) 884-9618
E-mail: jlehrman@albmlaw.com

**ATTORNEYS FOR PLAINTIFF**